IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID SCOTT,

            Plaintiff,

vs.

MENARD, INC., a Corporation;

            Defendant.

8:15CV127

**ORDER**

As stated and explained on the record, (Filing No. 32),

IT IS ORDERED:

1) The court's rulings on Plaintiff's motion for additional discovery responses are attached hereto.

2) Plaintiff's response to Defendant's summary judgment motion shall be filed on or before July 29, 2016, with any reply filed on or before August 9, 2016.

3) Plaintiff has failed to show good cause for extending the deadlines in the court's scheduling order, and his oral motion to continue the discovery deadline and to permit additional depositions and written discovery is denied. See *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709 (8th Cir. 2008).

July 15, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

Moving Party: David Scott

## David Scott v Menard, Inc.
## Case No. 8:15-CV-00127-JMG-CRZ

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers at zwart@ned.uscourts.gov.

The moving party is: David Scott

The responding party is: Menard, Inc.

**Note:** If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove… | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Interrogatory 2:** If Defendant has been involved in any prior litigation, action, lawsuit, or dispute in Nebraska arising out of an incident similar to the incident which is subject to this litigation, an individual tripping over any cart, box or other item on Defendant's premises, please state the case number, date, description of the incident, alleged damages, and outcome. | Relevant to show that this is not the first time that Defendant was negligent in the handling of the storing of its equipment and should have known this was a hazard | This Interrogatory is intended to show that the responding party has a history of being negligent in the way it stores it's carts, dollies, boxes, or other items on Defendant's premises and that the Defendant should be responsible for accidents on its premises | Objection, irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.<br><br>Menard's does not keep information in this manner. It would be *unduly burdensome* to locate it. Someone would have to go through claim files by hand to locate particular types of claims. Menard's submitted the Affidavit of the store manager who | Plaintiff served discovery requests upon the Defendant on December 28, 2015 and had given the Defendant a number of extensions to Answer Plaintiff's discovery requests. On February 29, 2016 Plaintiff's attorney emailed Defendant's attorney seeking a timeline for responses to discovery requests. On March 18, 2016 Plaintiff's attorney called Defendant's attorney seeking a status on the discovery responses and agreed | The deadline for Motions to Compel was 4/4/16. Counsel was required to contact the Court prior to filing. Instead, *Plaintiff simply filed a Motion – late –* on 4/12/16. The defendant's discovery responses were largely completed in March and by oversight simply did not get served. If the Court had been contacted per policy, or if Counsel had even contact me again, the responses would still have been provided | Objection sustained. |

1

| | | | has been employed by Menard's for over 28 years, 16 years in management. He has never heard of a customer claim or lawsuit for falling over this type of carpet dolly, or any other type of shopping cart, or cart, or dolly. The burden of searching for such information outweighs the possibility of finding it. As for lawsuits, *the information is equally available to Plaintiff;* Plaintiff could get on Justice and Pacer and look for the information himself as easily as Menard's could. The information *would not be admissible* without foundation, and is therefore *irrelevant.* It is *overbroad;* Plaintiff did not trip over a "box or other item." "Other item" could be virtually anything, but Plaintiff fell over a particular type of carpet dolly. | to provide Defendant's attorney with an additional 14 days to Answer discovery requests. On April 12, 2016 Defendant's attorney still had not responded to discovery request. On April 12, 2016 Plaintiff's attorney filed a Motion to Compel. According to Federal Rules of Discovery Rule 33(b)(4), "Objections. The grounds for objection an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendant's objections were not timely. | within three days on 4/15/16, but without the necessity of the Motion. Menard's served discovery on 8/31/15, and it was answered 12/17/15 - 108 days. Plaintiff served discovery on 12/29/15, and I answered 4/15/16 - 108 days.<br><br>I provided discovery responses and asked Plaintiff's Counsel to withdrawal the Motion to Compel. Plaintiff would not withdraw it because he said he wanted to collect attorney fees.<br><br>This is *unduly burdensome* and the Affidavit of the store manager, offered in support of the defense Motion for Summary Judgment states that there has never been a similar claim at this store. | |

2

| | | | | | | |
|---|---|---|---|---|---|---|
| **Interrogatory 6:** State the names, address, telephone numbers, relation to Defendant of each person Defendant intends to call as a witness at any hearing or trial on this matter.  For each person provide a summary of their expected testimony. | Relevant in the aspect that Plaintiff may need to take their deposition prior to the deadline for trial in this matter | Plaintiff is trying to determine whose depositions need to be taken prior to the trial of this matter. | Unknown at this time.  This Answer will be supplemented in accordance with applicable Rules and Scheduling Orders. | | *This is an attempt to re-open discovery.* On 7/10/15, in Initial Disclosures, Menard's identified the store manager and three employees as persons having knowledge.  On 6/19/15, trial was set for 4/18/16.  Discovery closed 2/16/16.  After the Case Conference on 1/19/16, the deposition deadline was moved back to 5/1/16.  On 4/15/16, Menard's provided an Answer to Interrogatory about the same four people.  The deposition deadline was 5/1/16.  No request was *ever* made by Plaintiff to depose *anyone*, even though names were provided over a year ago.  *The Answer to Interrogatory has been supplemented* to identify as witnesses the people identified as persons with knowledge. | Motion denied as moot.  The parties have resolved this issue. |
| **Interrogatory 10:** If you or your representatives took and statements as defined in the applicable Rules of Civil Procedure, please identify | Relevant as to what to what happened to cause accident, how the accident happened, and Plaintiff's attorney may | Plaintiff is not requesting just any statements taken from the injured party but also from | Objection, privileged, work product, prepared in anticipation of litigation.  Subject to | Plaintiff served discovery requests upon the Defendant on December 28, 2015 and had given the | Menard's has no statement of Plaintiff, which is all that is discoverable without an additional showing | Motion to compel denied as moot.  The parties have resolved this |

3

| | | | | | | |
|---|---|---|---|---|---|---|
| the person giving the statement (including your attorney, consultant, surety, indemnitor, insurer, or agent) and indicate for each statement:<br>(a) The date of taking and place it was taken;<br>(b) Name and employer of person taking it;<br>(c) Who has custody of each statement; and<br>(d) The manner of recording the statement | decide to take the deposition of said person giving statement | any witnesses, employees, etc. who may have witnessed or have knowledge of the accident. | and without waving said objection, Menard, Inc. has no statements from Plaintiff. | Defendant a number of extensions to Answer Plaintiff's discovery requests. On February 29, 2016 Plaintiff's attorney emailed Defendant's attorney seeking a timeline for responses to discovery requests. On March 18, 2016 Plaintiff's attorney called Defendant's attorney seeking a status on the discovery responses and agreed to provide Defendant's attorney with an additional 14 days to Answer discovery requests. On April 12, 2016 Defendant's attorney still had not responded to discovery request. On April 12, 2016 Plaintiff's attorney filed a Motion to Compel. According to Federal Rules of Discovery Rule 33(b)(4), "Objections. The grounds for objection an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, | by Plaintiff. Any other statements are privileged. The Court can, for good cause, excuse the failure to timely object. | issue. |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | excuses the failure." Defendant's objections were not timely. | | |
| **Interrogatory 11:** State whether you or your agents, attorneys, experts, or anyone representing your interest have made any investigations, prepared any drawings, written reports, sketches, maps, models or any form of demonstrative evidence, or taken any photographs, slides or movies (including videotape) relative to the Incident and, if so, state:<br>(a) The name and address of the person or persons preparing each item;<br>(b) When and where each item was prepared;<br>(c) The nature or description of each item;<br>(d) Who current has possession of each item; and<br>(e) Whether the items will be voluntarily exhibited to the undersigned counsel | Relevant to show whether or not this accident was investigated, how the accident happened, and whether or not the accident could have been prevented | Plaintiff wants to see any investigative materials that have been made, discovered during the investigation to determine what depositions will need to be taken prior to any trial in this matter and determine if an expert is needed to rebuttal any report, sketches, drawing, photographs, etc. | Objection, privileged, work product, prepared in anticipation of litigation. | Plaintiff served discovery requests upon the Defendant on December 28, 2015 and had given the Defendant a number of extensions to Answer Plaintiff's discovery requests. On February 29, 2016 Plaintiff's attorney emailed Defendant's attorney seeking a timeline for responses to discovery requests. On March 18, 2016 Plaintiff's attorney called Defendant's attorney seeking a status on the discovery responses and agreed to provide Defendant's attorney with an additional 14 days to Answer discovery requests. On April 12, 2016 Defendant's attorney still had not responded to discovery request. On April 12, 2016 Plaintiff's attorney filed a Motion to Compel. According to Federal Rules of Discovery Rule | Investigation of a claim, whether by the defendant, its insurer, or its attorneys, is clearly *privileged*. The Court can, for good cause, excuse the failure to timely object. The interests of justice require preserving this privilege, as allowing Plaintiff access to privileged information would create an unfair advantage out of all proportion to tardy discovery responses.<br><br>Menard's took one photograph of a similar dolly in the carpet department. It was given to Plaintiff over a year ago. Defendant does not have any drawings or models and so forth. Demonstrative evidence may be created for trial, but that is not discoverable. | The parties will produce to each other any demonstrative aid(s) created for trial at least 3 days before the pretrial conference. |

5

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | 33(b)(4), "Objections. The grounds for objection an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendant's objections were not timely. | | |
| **Interrogatory 14:** Please state the number and location of any and all signs, posters, or markings located on Defendant's premises, subject to this litigation, which identifies a storage place or direct storage and return of any cart, dolly, trash can, bin, or other item. State if such a sign, poster, or marking exists for the cart that Plaintiff tripped over. | Relevant to show that the dolly/cart was not placed in its proper spot and that there is no reason for Plaintiff to have suspected a dolly/cart in that location or that the accident could have been avoided | This Interrogatory is not irrelevant as the Plaintiff tripped over a carpet dolly while speaking with a representative or employee of the Defendant. | Objected to as *not relevant*; Plaintiff tripped over a particular type of carpet dolly. Plaintiff did not back into "any other cart, dolly, trash can, bin, or other item." Menard's stated "there is no sign or other written direction for storage of the dolly, which was at all times in the plain view of Plaintiff and all other persons at the Menard, Inc. store." | Plaintiff served discovery requests upon the Defendant on December 28, 2015 and had given the Defendant a number of extensions to Answer Plaintiff's discovery requests. On February 29, 2016 Plaintiff's attorney emailed Defendant's attorney seeking a timeline for responses to discovery requests. On March 18, 2016 Plaintiff's attorney called Defendant's attorney seeking a status on the discovery responses and agreed to provide Defendant's attorney with an additional 14 days to Answer discovery requests. On April 12, 2016 Defendant's attorney still had not | Menard's has not complied this information. A party is not required to create evidence in response to a discovery request.

As written, Plaintiff's request is *overbroad*; it would cover every shelf label for any item in the store. It is almost entirely *irrelevant*; a sign for placement of a garbage can in the lumber yard, for example, sheds no light on why Plaintiff backed into a carpet dolly in the carpet aisle.

As to the particular carpet dolly at issue, *Menard's responded* that there are no responsive markings. | Objection sustained. |

6

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | responded to discovery request. On April 12, 2016 Plaintiff's attorney filed a Motion to Compel. According to Federal Rules of Discovery Rule 33(b)(4), "Objections. The grounds for objection an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendant's objections were not timely. | | |
| **Request for Production 2:** Written or oral statements taken of any parties, witnesses, and/or their representatives or agents. | Relevant to any recollection of any witnesses as to how the accident happened, Plaintiff may choose to take their deposition prior to any trial in this matter | The Request asks for any written or oral statements taken of any parties, witnesses, and/or their representatives or agents. This request does not state just the Plaintiff. | Menard, Inc. has no written statement of Plaintiff, and would be unable to produce an oral statement. | The Request asks for any written or oral statements taken of any parties, witnesses, and/or their representatives or agents. This request does not state just the Plaintiff. Plaintiff has the right to know of any statements taken from anyone who may have knowledge to the accident in this case in order to determine what depositions may need to be taken prior to any trial in this matter. | Menard's has *no statement of Plaintiff,* which is all that is discoverable without an additional showing by Plaintiff. Any other statements are privileged. The Court can, for good cause, excuse the failure to timely object. The interests of justice require preserving this privilege, as allowing Plaintiff access to privileged information would create an unfair advantage out of all proportion to tardy | Motion to compel denied as moot. The parties have resolved this issue. |

7

| | | | | | discovery responses. | |
|---|---|---|---|---|---|---|
| **Request for Production 3:** Copies of all documentation which tends to prove or support any claim or defense in this case. | Relevant to show whether or not the Plaintiff should have known there was a danger or possibility of an accident in this location | Defendant admitted that Plaintiff tripped and fell in its store on November 7, 2014 but has not provided any documentation that shows that the dolly is not low to the ground. | Objection call for Menard, Inc. to try to anticipate what Plaintiff might believe supports Plaintiff's claim. As for support of defenses, objection as privileged, work product. This Response may be supplemented in accordance with applicable Rules and Scheduling Orders, and after review of the opinions of any expert(s) designated by Plaintiff. | Plaintiff served discovery requests upon the Defendant on December 28, 2015 and had given the Defendant a number of extensions to Answer Plaintiff's discovery requests. On February 29, 2016 Plaintiff's attorney emailed Defendant's attorney seeking a timeline for responses to discovery requests. On March 18, 2016 Plaintiff's attorney called Defendant's attorney seeking a status on the discovery responses and agreed to provide Defendant's attorney with an additional 14 days to Answer discovery requests. On April 12, 2016 Defendant's attorney still had not responded to discovery request. On April 12, 2016 Plaintiff's attorney filed a Motion to Compel. According to Federal Rules of Discovery Rule 33(b)(4), "Objections. The grounds for | The request requires speculation on the part of Menard's, and work product.

As mentioned at the teleconference with the Court, Plaintiff backed over a cart and fell. This did not generate a lot of documentation by the store.

Plaintiff said in his deposition that he believed there was video of his accident. There is not. Plaintiff requested cart storage policies in discovery, and was told there are none.

Menard's took one photograph of a similar dolly in the carpet department. It was given to Plaintiff over a year ago.

I had no idea until reading this that Plaintiff was seeking evidence the carpet dolly was "low to the ground." This demonstrates that the | Objection sustained. |

8

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | objection an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendant's objections were not timely. | Request *calls for speculation.* | |
| **Request for Production 4:** Any documents or items you intend to introduce into evidence as exhibits in this case. | Relevant for Plaintiff to determine what exhibits Plaintiff will offer at trial and to give Plaintiff an opportunity to review exhibits and hire expert if needed | Plaintiff would like to know what exhibits Defendant intends to offer as evidence in this matter in order to determine if any depositions are required or what kind of expert is needed in this matter | Unknown at this time. This Response will be supplemented in accordance with applicable Rules and Scheduling Orders. | Plaintiff has yet to see any documents or items Defendant intends to offer as exhibits in this case and therefore is unable to determine what depositions may need to be taken or experts to hire | *This is an attempt to re-open discovery and extend the expert deadline.* Trial Exhibits had not been decided upon in April. This is a Request for Production, which will not identify potential deponents and should not extend the deposition deadline. The four persons with knowledge have been known to Plaintiff for a year. Plaintiff has *never made a request to depose anyone.*<br><br>The expert deadline was 8/31/15. Although I agreed to an extension on the deadline, Plaintiff never named an expert. In January of 2016, Plaintiff's Counsel told me he did not believe he needed | Objection sustained. |

9

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | an expert and did not intend to name one. After the Case Conference on 1/19/16, Plaintiff was given additional time to name an expert, until 2/16/16. No expert was named. | |
| **Request for Production 11:** Please provide a map or blueprint of Defendant's premises subject to this litigation which demarks each location where carts/dollies/carpet carts/and rolling bins are stored as a matter of practice and which demarks the location of each and every sign or marking relating to the storage of such carts/dollies/carpet carts/and rolling bins. | Relevant to prove that there is a policy and/or procedure regarding location where carts/dollies/carpet carts/ and rolling bins are stored to avoid hazards, injuries, etc. To keep carts/dollies, carpet carts/ and rolling bins from rolling into customers. | This request is not irrelevant as it tends to show that the dolly that Plaintiff tripped over was not properly stored and Plaintiff had no reason to know or expect a dolly to be in the middle of the aisle. | Objection, irrelevant. Subject to and without waiving said objection no document exists. | Plaintiff served discovery requests upon the Defendant on December 28, 2015 and had given the Defendant a number of extensions to Answer Plaintiff's discovery requests. On February 29, 2016 Plaintiff's attorney emailed Defendant's attorney seeking a timeline for responses to discovery requests. On March 18, 2016 Plaintiff's attorney called Defendant's attorney seeking a status on the discovery responses and agreed to provide Defendant's attorney with an additional 14 days to Answer discovery requests. On April 12, 2016 Defendant's attorney still had not responded to discovery request. On | Menard's does not have such a document. Plaintiff wants a map, with cart storage spots and signs noted. *No such map exists.*

*A party is not required to create evidence in response to a discovery request.*

As to the particular carpet dolly at issue, *Menard's responded* that there are no responsive markings.

Locations of types of carts over which Mr. Scott did not trip, in areas of the store where he did not trip, are *irrelevant*. | Objection sustained. |

10

Moving Party: David Scott

| | | | | April 12, 2016 Plaintiff's attorney filed a Motion to Compel. According to Federal Rules of Discovery Rule 33(b)(4), "Objections. The grounds for objection an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendant's objections were not timely. | | |

Counsel for [Plaintiff]: Frank Younes, #24779

Counsel for [Defendant]: Mary Schott

Date: July 7, 2016.

11